## EMMA BEAUREGARD, Wife of E. DELERY, *v.* HER HUSBAND and J. H. EIMER.

The wife is not bound by her signature to a note, signed jointly with her husband, even at the suit of an innocent endorsee, unless it be proved that the consideration of the contract inured to her separate advantage. Nor will the acknowledgment of the wife, in the act of mortgage, that the money had been borrowed for her separate use, relieve such endorsee from the necessity of making that proof.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Lamb* and *Eustis*, for plaintiff. *Schmidt*, for defendants. By the Court:

ROST, J. *J. H. Eimer*, one of the defendants, discounted a note drawn by the plaintiff and her husband, *in solido*, and secured by a mortgage upon the paraphernal property of the plaintiff. She acknowledged, in the act of mortgage, that the proceeds of the note had been received by her for her own wants and personal affairs.

BEAUREGARD
*v.*
HER HUSBAND.

The note was protested at maturity, and *Eimer* obtained an order of seizure and sale, which the plaintiff has enjoined, on the ground, that this is a debt of her husband, for which she was without capacity to bind herself or her property. The district judge perpetuated the injunction, and *Eimer* has appealed.

We are of opinion that the appellant has not made out a case, which can be considered an exception to the rule, that the wife is not bound, by her signature to a note, signed jointly with her husband, even at the suit of an innocent endorsee. *Sprigg* v. *Bossier*, 5 N. S. 55. *Gaalon* v. *Matherne*, 5 Ann. 496.

It is a principle which has come down to us from the laws of Spain, that he who contracts with a married woman, must show, affirmatively, that the contract turned to her advantage. The only exception under those laws was when the wife renounced, in due form, the 61 law of Toro. *Brognier* v. *Forstall*, 3 M. R. 577. *Chapillon* v. *St. Maxent*, 5 M. R. 167. *Banks* v. *Trudeau*, 2 N. S. 39.

This exception no longer exists, and proof, that the consideration of the contract inured to the separate advantage of the wife, is, in all cases, necessary to destroy the legal presumption, that contracts entered into during marriage, jointly by the husband and wife, are the contracts of the husband. It has been frequently held, that the acknowledgment of the wife, in the act of mortgage, that the money had been borrowed for her separate use, did not dispense the creditor from making that proof. *Prudhomme* v. *Edens*, 6 R. R. 64. *Erwin* v. *McCalop*, 5 Ann. 173.

The circumstance of the wife having a separate advantage in the contract, is of the essence of the obligation, and must be proved before a recovery can be had upon it *Brandegee* v. *Kerr and Wife*, 7 N. S. 64.

There is nothing inconsistent with this view of the law in the case of *Patterson* v. *Fraser and Wife*, 5 Ann. 586. *Mrs. Fraser* made her case stronger, by showing that the debts, which were to be satisfied out of the money borrowed, had not been paid. But the decision was put upon the ground, that the plaintiff had failed to show that the advances made by him had inured to her benefit. There might be cases of deceit and fraud on the part of the wife, in which she would be held liable, but this is not one of them. It was incumbent upon the plaintiff to ascertain the uses for which the money was borrowed, and to see that it was applied in such a manner, as would subject the separate estate of the wife to the payment of it. As he failed to do so, and there is nothing in the record to show the use made of it, the judgment must be affirmed.

The judgment is affirmed, with costs.